FILED
08/25/2021
Karen J Miller
CLERK
Madison County District Court
STATE OF MONTANA
By: Carmin Hill
DV-29-2021-0000079-BC
Berger, Luke
1.00

David M. Wagner
CROWLEY FLECK PLLP
1915 South 19th Avenue
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone: (406) 556-1430
Facsimile: (406) 556-1433
dwagner@crowleyfleck.com

*Attorneys for Plaintiff*

## MONTANA FIFTH JUDICIAL DISTRICT COURT, MADISON COUNTY

| | |
|---|---|
| BOYNE USA INC., a Michigan Corporation, | CV-21-92-BU-BMM-JTJ <br> Cause No. |
| Plaintiff, | |
| vs. | **BOYNE USA, INC'S COMPLAINT AND JURY DEMAND** |
| BLSH ENTERPRISES, LLC, a Kansas limited liability company, | |
| Defendant. | |

COMES NOW Plaintiff, Boyne USA, Inc., who complains, alleges, and avers as follows:

### PARTIES

1. Plaintiff, Boyne USA, Inc. ("Boyne") is a Michigan corporation that is qualified to do business in the State of Montana.

2. Defendant, BLSH Enterprises, LLC ("BLSH"), is a Kansas limited liability company that is qualified to do business in the State of Montana.

3. BLSH either owns or formerly owned condominium unit #1987F located in the Shoshone Condominium Hotel.

4. The Shoshone Condominium Hotel ("Shoshone") is located in Madison, County Montana.

## JURISDICTION AND VENUE

5. BLSH is subject to the jurisdiction of this Court because it currently owns and previously has owned, used, and possessed real property situated within Montana.

6. Venue is proper in Madison County because the property at issue is located in Madison County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

7. All condominium units in the Shoshone are subject to the terms and conditions of the Declaration for the Shoshone Condominium Hotel, as amended, which encumbers all condominium units located within the Shoshone. The Declaration for the Shoshone Condominium Hotel, as amended, is referred to in this Complaint as the "Covenants."

8. On November 29, 1989, the original Covenants were recorded with the Madison County Clerk and Recorder and are found at Volume 343, pages 206-257. A true and correct copy of the Covenants is attached as Exhibit A and incorporated herein by reference.

9. The Covenants were amended in 2006. The terms and conditions of the 2006 amendment are not at issue in this lawsuit.

10. The provisions of the Covenants run with the land, include every unit in the Shoshone, and are binding on the unit owners, their heirs, personal representatives, and assigns as long as the Covenants are in effect.

11. Article VI.4.) of the Covenants expressly provides that each owner shall comply with the provisions of the Covenants.

12. Article VI.4.) states that the failure to comply with the provisions of the Covenants shall be grounds for an action to recover sums due for damages, including attorney fees incurred in connection therewith.

13.  BLSH purchased unit #1987F subject to the Covenants.

14.  The Covenants provide that "[n]o Unit owner may dispose of a Unit or any interest therein by sale without complying" with Art. X, § 1 of the Covenants.

15.  Article X, § 1.(a) of the Covenants expressly provides that an owner intending to sell its condo "shall deliver written notice of such intention to the Developer [Boyne] and shall furnish the name and address of the intended purchaser and such information as the Developer [Boyne] shall reasonably request."

16.  Article X, § 1.(a) specifically provides:

> Section 1.  Right of First Refusal.  No Unit owner may dispose of a Unit or any interest therein by sale without complying with this Section 1:
>
> (a) A Unit owner intending to make a sale of a Unit, or any interest therein, except to immediate family members, shall deliver written notice of such intention to the Developer and shall furnish the name and address of the intended purchaser and such other information as the Developer shall reasonably request. At the time of giving such notice, such Unit owner shall also furnish the Developer with copies of all instruments setting forth the terms and conditions of the proposed transaction.  The giving of such notice shall constitute a warranty and a representation by such Unit owner to the Developer that the Unit owner believes the proposed sale to be bona fide in all respects.  The selling Unit owner shall be responsible to the Developer for any damages suffered by it in exercise of its rights hereunder and, in the event any proposed
>
> 24
>
> sale is not bona fide, such damages shall include (but not be limited to) the difference between the price paid by the Developer for the Unit or interest and the fair market value thereof.

17. As noted in Art. X, § 1.(a), at the time of providing such notice, the unit owner is obligated to provide Boyne with copies of all instruments setting forth the terms and conditions of the proposed transaction.

18. While BLSH provided Boyne a copy of the Buy-Sell Agreement for #1987F, BLSH redacted information from the Buy-Sell Agreement which Boyne was entitled to receive under Art. X, § 1.(a) of the Covenants.

19. In breach of Art. X, § 1.(a), BLSH:

   a. Redacted the name and address of the intended purchaser from the Buy-Sell Agreement; and

   b. Failed to provide Boyne with unredacted copies of all instruments setting forth the terms and conditions of the proposed transaction.

20. Under Art. X., § 1.(a), the seller of a unit shall be responsible to Boyne for any damages suffered by Boyne in the exercise of Boyne's rights under the Covenants.

21. Under the Covenants, the seller of a unit that fails to comply with Art. X, § 1.(a) is also liable for any damages Boyne suffers as a result of its inability to exercise its right of first refusal.

22. Under the Covenants, all remedies contained in the Covenants are not exclusive of any other remedies which may now be, or are hereafter, available to the parties hereto as provided for by law. Thus, the aggrieved party may pursue all remedies provided by law.

23. In this matter, Boyne is the aggrieved party.

## COUNT I – BREACH OF THE COVENANTS

24. Boyne re-alleges all prior allegations as if fully restated herein.

25. Unit 1987F is subject to the Covenants.

26. Under the Covenants, a unit owner intending to sell its unit shall deliver written notice of such intention to Boyne and shall furnish the name and address of the intended purchaser and such other information as Boyne shall reasonably request.

27. Under the Covenants, at the time of giving notice to Boyne, the unit owner shall also furnish Boyne with copies of all instruments setting forth the terms and conditions of the proposed transaction.

28. Under the Covenants, the unit owner selling its unit shall be responsible to Boyne for any damages suffered by it in exercise of its rights under the Covenants and Art. X, § 1.(a).

29. As a result of BLSH's breach of the Covenants, Boyne has been damaged.

## COUNT II - DECLARATORY JUDGMENT

30. Boyne re-alleges all prior allegations as if fully restated herein.

31. County II is brought under the Uniform Declaratory Judgment Act, Montana Code Ann. § 27-8-101 to § 27-8-13.

32. An actual controversy has arising and now exists between Boyne and BLSH.

33. Boyne seeks a declaration of the parties' rights from the Court.

34. Such a declaration is necessary and appropriate at this time to protect Boyne's legal rights.

## COUNT III – NEGLIGENCE

35. Boyne re-alleges all prior allegations as if fully restated herein.

36. BLSH had a duty to comply with Boyne's right of first refusal.

37. BLSH breach its duty owed to Boyne.

38. As a result of BLSH's negligence, Boyne has suffered damages in an amount to be proven at trial.

**WHEREFORE** Boyne requests the following relief:

1. A jury trial on Boyne's claims;

2. That Judgment be entered in Boyne's favor and against BLSH for all damages caused by BLSH's actions, inactions, and conduct including general and special compensatory damages and interest from the date of loss sustained;

3. For all attorneys' fees, costs, and disbursements incurred herein; and

4. For such other and further relief as the Court deems just and proper.

Dated this 25 day of August, 2021.

CROWLEY FLECK PLLP

By _____
David M. Wagner
P. O. Box 10969
Bozeman, MT 59719-0969
